UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS,<br>Plaintiff,<br>v.<br>WILLIAMS SCOTSMAN, INC.<br>Defendant. | Case No. 1:25-cv-10095 |

**CONSENT DECREE**

WHEREAS, Defendant Williams Scotsman, Inc., as successor in interest to Mobile Mini, Inc. ("WSI"), operates two transportation and warehousing facilities in Massachusetts located at 125 Manley Street, West Bridgewater (the "Bridgewater Facility"), and 77 Bridge Road, Salisbury (the "Salisbury Facility") (jointly, the "Facilities");

WHEREAS, the Commonwealth of Massachusetts ("Commonwealth"), acting through the Office of the Attorney General ("Attorney General's Office"), alleges in its Complaint that WSI has discharged industrial stormwater from: (1) the Bridgewater Facility into wetlands that are adjacent to and share a continuous surface water connection with the Hockomock River (the "Hockomock River Wetlands"); and (2) the Salisbury Facility into wetlands that are adjacent to and share a continuous surface water connection with Town Creek (the "Town Creek Wetlands"), without obtaining and complying with a Federal Multi-Sector General Permit issued by the United States Environmental Protection Agency ("Stormwater Permit") for each of the

Facilities, in violation of the Federal Clean Water Act, 33 U.S.C. §§ 1251–1387 (the "Clean Water Act" or the "Act");

WHEREAS, by letter dated November 20, 2023, the Attorney General's Office provided notice of the alleged violations and of the Attorney General's Office's intention to file suit against Mobile Mini, Inc., now WSI (the "Notice Letter") to the Administrator of the United States Environmental Protection Agency ("EPA"); the Administrator of EPA Region 1; the Massachusetts Department of Environmental Protection; and to Mobile Mini, Inc., now WSI, pursuant to Section 505 of the Federal Clean Water Act, 33 U.S.C. § 1365;

WHEREAS, on or about December 16, 2022, Mobile Mini, Inc., merged with and into Williams Scotsman, Inc., a corporation organized and existing under the laws of the State of Delaware, at which point WSI assumed all of Mobile Mini, Inc.'s obligations and liabilities;

WHEREAS, following receipt of the Notice Letter, WSI undertook a number of actions, including, for each of the Facilities, retaining a third-party environmental consultant to inspect each of the Facilities, preparing a Stormwater Pollution Prevention Plan ("SWPPP"), and submitting a Notice of Intent ("NOI") to be covered by the Stormwater Permit;

WHEREAS, WSI anticipates that these steps, together with implementation measures set forth herein and in the SWPPPs for the Facilities, will enable it to comply with the requirements of the Clean Water Act;

WHEREAS, today the Attorney General filed a complaint against WSI in the United States District Court, District of Massachusetts (the "Complaint");

WHEREAS, WSI does not admit to the accuracy of the facts as alleged in the Notice Letter or Complaint, other than with regard to jurisdiction and venue, nor to any liability arising out of the facts or laws referenced or alleged in the Notice Letter or Complaint;

WHEREAS, the Commonwealth and WSI (collectively, the "Parties") have reached an agreement to fully resolve this dispute; and

WHEREAS, this Consent Decree shall be submitted to the United States Department of Justice for the 45-day statutory review period, pursuant to 33 U.S.C. § 1365(c).

NOW THEREFORE, based on the Joint Motion of the Parties for Entry of this Consent Decree, and before taking any testimony and without the adjudication of any issues of fact or law, it is ADJUDGED, ORDERED, AND DECREED, as follows:

## II. JURISDICTION AND VENUE

1. This Court has jurisdiction over the Parties and the subject matter of this action pursuant to Section 505(a)(1)(A) of the Federal Clean Water Act, 33 U.S.C. § 1365(a)(1)(A), and 28 U.S.C. § 1331 (an action arising under the laws of the United States). Venue is proper in the District of Massachusetts pursuant to Section 505(c)(1) of the Federal Clean Water Act, 33 U.S.C. § 1365(c)(1).

2. The Complaint alleges facts that, if proven, would constitute good and sufficient grounds for the relief set forth in this Consent Decree.

## III. EFFECTIVE DATE

3. The effective date of this Consent Decree shall be when the Court enters the Consent Decree on the docket ("Effective Date").

## IV. PARTIES BOUND

4. This Consent Decree shall constitute a binding agreement between the Parties, and WSI consents to its entry as a final judgment by the Court and waives all rights of appeal upon its entry on the docket. If the Court declines to enter this Consent Decree on any ground except one related to form, this Consent Decree is voidable at the option of either party within

fourteen (14) days of the Court's decision. If, on the other hand, the Court determines that substantive modifications to this Consent Decree are necessary prior to the Court's entry of it, the Parties shall enter into good faith negotiations to discuss the modifications, and this Consent Decree shall be void unless the Commonwealth and WSI agree otherwise in writing within fourteen (14) days of the Court's decision.

5. The provisions of this Consent Decree shall apply to and bind WSI and any person or entity acting by, for, or through WSI with respect to matters contained herein, including WSI's managers, directors, officers, supervisors, employees, agents, attorneys-in-fact, successors, and assigns, and those persons in active concert or participation with WSI who receive notice of this Consent Decree.

6. WSI shall provide a true copy of this Consent Decree to all of its managers, directors, officers, supervisors, employees, and agents whose duties include compliance with any provision of this Consent Decree. WSI shall also provide a copy of this Consent Decree to any third-party contractor retained by it to perform work required under this Consent Decree and shall condition any such contract, entered into after the Effective Date of the Consent Decree, on the contractor's performance of such work in compliance with the terms of this Consent Decree. For any such contract entered into prior to the Effective Date, WSI shall ensure that such contract shall require the contractor to perform its work in compliance with the terms of this Consent Decree.

7. For one (1) year following the Effective Date (hereafter, the "Monitoring Period"), WSI shall provide written notice of any executed agreement effectuating a change or transfer in ownership of its business or either or both of the Facilities, together with a copy of the written change or transfer agreement, within thirty (30) days of such transfer, to the Attorney

General in accordance with Section XIII (Notices) of this Consent Decree. At least thirty (30) days prior to any such change or transfer of ownership, management, or operation of either or both of the Facilities that occurs within the Monitoring Period, WSI shall provide a copy of this Consent Decree to the proposed transferee or new manager or operator of the Facility or Facilities affected. No change or transfer in ownership, management, or operation of either or both of the Facilities, whether in compliance with the procedures of this Paragraph or otherwise, shall relieve the Defendant or its managers, officers, directors, agents, successors, assigns, and/or heirs acting by, for, or through WSI, of any obligation under this Consent Decree, unless this Consent Decree has been terminated or:

a. the transferee agrees, in writing, to undertake any outstanding obligations required by Section V (Payments), Section VI (Injunctive Relief), and Section VII (Facility Access and Submission of Records) and to be added as a Defendant or substituted for the Defendant as a Party under the Consent Decree and thus assume the obligations, rights, and benefits of, and be bound by, its terms;

b. the Commonwealth agrees to consent, in writing, to relieve the Defendant of its obligations under the Consent Decree; and

c. the transferee becomes a party under this Consent Decree pursuant to Section XV (Modification).

WSI's failure to change or transfer ownership, management, or operation of either or both of the Facilities without complying with this Paragraph shall constitute a violation of this Consent Decree.

8. WSI shall not violate this Consent Decree, and WSI shall not allow its officers, directors, agents, attorneys-in-fact, employees, successors, assigns, or contractors to violate this Consent Decree. In any action to enforce this Consent Decree, WSI shall not raise as a defense the failure by any of WSI's managers, directors, officers, supervisors, employees, agents, or contractors to take any actions necessary to comply with the provisions of this Consent Decree.

9. In addition to any relief specifically provided in this Consent Decree, WSI understands and agrees that violations of this Consent Decree may be punishable pursuant to an appropriate civil contempt proceeding.

## V. PAYMENTS

10. Within fifteen (15) days of the Effective Date, WSI shall pay to the Natural Resources Trust of Easton, Inc. the sum of thirty thousand dollars ($30,000) for projects to benefit water quality in the Taunton River Watershed. Evidence of WSI's payments to the Natural Resources Trust of Easton, Inc. shall be contemporaneously provided by WSI to the Commonwealth pursuant to Section XIII (Notices). Payments should be made by wire transfer referencing this action to the following account:

ORG NAME Natural Resources Trust of Easton, Inc.
[redacted]
Reference: Commonwealth v. Williams Scotsman, Inc. – Payment

11. Within fifteen (15) days of the Effective Date, WSI shall pay to the Essex County Greenbelt Association, Inc. the sum of thirty thousand dollars ($30,000) for projects to benefit water quality in the Merrimack River Watershed. Evidence of WSI's payments to the Essex County Greenbelt Association, Inc. shall be contemporaneously provided by WSI to the

Commonwealth pursuant to Section XIII (Notices). Payments should be made by wire transfer referencing this action to the following account:

ORG NAME Essex County Greenbelt Association, Inc.
[redacted]
Reference: Commonwealth v. Williams Scotsman, Inc. – Payment

12. Within fifteen (15) days of the Effective Date, WSI shall pay to Tiny Seed Project acting as fiscal sponsor for the Dream Network the sum of thirty thousand dollars ($30,000) for projects to benefit water quality in the Merrimack River Watershed. Evidence of WSI's payments to Tiny Seed Project acting as fiscal sponsor for the Dream Network shall be contemporaneously provided by WSI to the Commonwealth pursuant to Section XIII (Notices). Payments should be made by wire transfer referencing this action to the following account:

ORG NAME The Dream Network C/O Tiny Seed Project
[redacted]
Reference: Commonwealth v. Williams Scotsman, Inc. – Payment

13. Within fifteen (15) days of the Effective Date, WSI shall reimburse the Attorney General's Office in the amount of thirty-five thousand dollars ($35,000) to defray the Attorney General's Office's costs, including attorney fees, incurred in connection with its work on this matter. Payments should be made by wire transfer referencing this action to the following account:

Commonwealth of Massachusetts, Office of Attorney General
[redacted]

[redacted]
Reference: EPD, Commonwealth v. Williams Scotsman, Inc. – Costs

## VI. INJUCTIVE RELIEF

14. WSI agrees to operate the Facilities in compliance with the applicable requirements of the currently applicable Stormwater Permit, including any amendments thereto or reissuances thereof, and with the Federal Clean Water Act. Specifically, WSI shall:

a. control stormwater at the Facilities to "minimize" pollutants, that is, "to reduce and/or eliminate to the extent achievable using stormwater control measures (including best management practices) that are technologically available and economically practicable and achievable in light of best industry practice," pursuant to Section 2.0 of the Stormwater Permit, as specified in the SWPPPs for the Facilities.

## VII. FACILITY ACCESS AND SUBMISSION OF RECORDS

15. WSI shall permit the Attorney General's Office to visit the Facilities during normal business hours (9 AM to 5 PM Monday through Friday, unless otherwise agreed to by the Parties) during the Monitoring Period, provided that the Attorney General's Office provides at least twenty-four (24) hours of prior notice. During any Facility visit, the Attorney General's Office shall have access to and permission to copy any documentation required to be maintained pursuant to the Stormwater Permit and may collect stormwater outfall samples and take photos of stormwater controls and related infrastructure at the Facilities.

16. During the Monitoring Period, WSI shall provide the Attorney General's Office with the following documents in accordance with Section XIII (Notices), below:

a. copies of all documents WSI submits to EPA, the Commonwealth, and/or the Towns of West Bridgewater or Salisbury concerning WSI's stormwater controls or the quality of WSI's Stormwater Discharges Associated with Industrial Activity, as defined in Page A-8 of Appendix A of the Stormwater Permit, including but not limited to all documents and reports submitted as required by the Stormwater Permit. Such documents and reports shall be sent to the Attorney General's Office within ten (10) business days of WSI's submission of these documents to the relevant entity;

b. copies of all documents and communications WSI submits to EPA concerning Corrective Action or Additional Implementation Measures, as set forth in Section 5.3.3 of the Stormwater Permit, taken at the Facilities will be provided within ten (10) business days of submitting them to EPA;

c. all maintenance records for the Facilities' stormwater pollution control systems, as set forth in Appendix B, Section B.10 of the Stormwater Permit. Maintenance records will be provided within ten (10) business days of WSI's receipt of a written request by the Attorney General's Office;

d. all written material, including all presentations, associated with any trainings referenced in WSI's SWPPPs. Training materials will be provided within ten (10) business days of WSI's receipt of a written request by the Attorney General's Office;

e. written notice of any changes made to any of WSI's stormwater control measures that are described in the SWPPPs pursuant to Stormwater Permit Section 6.2.4 (which requires documentation of locations and types of

stormwater control measures chosen to comply with technology-based and water quality-based effluent limits), within ten (10) business days of WSI's receipt of a written request by the Attorney General's Office;

f. written notice of any changes made to WSI's stormwater control measures pursuant to Stormwater Permit Section 6.3 (which requires SWPPP modifications based on corrective actions and deadlines pursuant to Part 5 of the Stormwater Permit), within ten (10) business days of WSI's receipt of a written request by the Attorney General's Office;

g. current copies of WSI's SWPPPs within ten (10) business days of receipt of a written request by the Attorney General's Office; and

h. Discharge Monitoring Reports and supporting final versions of laboratory reports and analytical results of stormwater sampling performed by or for WSI within ten (10) business days of submitting the Discharge Monitoring Reports to EPA.

17. Any information provided by WSI may be used by the Commonwealth in any proceeding to enforce the provisions of this Consent Decree and as otherwise permitted by law.

18. The Consent Decree in no way limits or affects any right of entry and inspection or any right to obtain information held by the Commonwealth or any of its branches, departments, agencies, or offices pursuant to applicable federal or state laws, regulations, or permits, nor does it limit or affect any duty or obligation of WSI to maintain documents, records, or other information imposed by applicable federal or state laws, regulations, or permits.

## VIII. INTERESTS AND COLLECTIONS

19. If any payment required pursuant to this Consent Decree is late or not made, WSI shall pay interest on any overdue amount for the period of such nonpayment at the rate of twelve percent (12%) per annum computed monthly and shall pay all reasonable expenses associated with collection by the Commonwealth of the unpaid amounts and interest for any period of nonpayment after the payment obligation becomes due, including reasonable attorney fees.

## IX. EFFECT OF CONSENT DECREE

20. Upon compliance by WSI with the requirements of this Consent Decree and expiration of the Monitoring Period, (a) this Consent Decree shall fully resolve WSI's liability for all civil penalties arising from the specific legal claims alleged against it in the Notice Letter and Complaint; and (b) the Commonwealth shall fully release WSI for all civil penalties arising from the specific legal claims alleged against it in the Notice Letter and Complaint.

21. Nothing in this Consent Decree (a) shall bar any action by the Commonwealth on any legal claim not specifically pleaded in the Complaint or for any violations not revealed to the Commonwealth; (b) shall be deemed to excuse non-compliance by WSI, or any of the persons or entities otherwise bound by this Consent Decree with any law or regulation; or (c) shall preclude a separate or ancillary action by the Commonwealth to enforce the terms of this Consent Decree or any permit or other approval issued by the Massachusetts Department of Environmental Protection or EPA relative to the Facilities.

22. This Consent Decree is not a permit, or a modification of any permit, under any federal, state, or local laws or regulations. WSI is responsible for achieving and maintaining complete compliance with all applicable federal, state, and local laws, regulations, and permits; and WSI's compliance with this Consent Decree shall not be a defense to any action commenced

pursuant to any such laws, regulations, or permits, except as set forth herein. The Attorney General's Office does not, by its consent to the entry of this Consent Decree, warrant or aver in any manner that WSI's compliance with any aspect of this Consent Decree will result in compliance with provisions of any federal, state, or local law, regulation, or permit.

23. Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a party to this Consent Decree.

## XII. MISCELLANEOUS

24. WSI understands and agrees that, pursuant to 11 U.S.C. § 523(a)(7), the costs or sums that WSI may be required to pay under this Consent Decree are not subject to discharge in any bankruptcy.

25. WSI shall pay all expenses, including reasonable attorney fees and costs, incurred by the Commonwealth in the enforcement of this Consent Decree, consistent with the scope of 33 U.S.C. § 1365(d).

26. Nothing in this Consent Decree shall prevent WSI from taking any action otherwise required by law.

27. The titles in this Consent Decree have no independent legal significance and are used merely for the convenience of the Parties.

28. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or State or Federal holiday, the period shall run until the close of business on the next business day.

29. WSI is responsible for complying with this Consent Decree and is liable for violations of this Consent Decree.

30. Signature of the Parties transmitted by scanning and email are binding.

## XIII. NOTICES

31. Unless otherwise specified in this Consent Decree, notices and submissions required by this Decree shall be made in writing by email to the following addresses:

For the Attorney General's Office and the Commonwealth:

Helen Yurchenco, Assistant Attorney General
Environmental Protection Division
Office of the Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
helen.yurchenco@mass.gov

Muhammad Diallo, Federal Enforcement Case Coordinator
Environmental Protection Division
Office of the Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
muhammad.diallo@mass.gov

For Williams Scotsman, Inc.:

Samantha Bishop
Vice President, Legal & Compliance
Samantha.bishop@willscot.com

With a copy to:

Jodi Shaw
Director, General Manager
Jodi.shaw@willscot.com

Gary Rovner
Foley & Lardner LLP
321 N. Clark Street, Suite 3000
Chicago, IL 60654
grovner@foley.com

or to such other place or to the attention of such other individual as a party may from time to time designate by written notice to the other Parties to this Consent Decree.

## XIV. INTEGRATION

32. Except as expressly set forth in this Consent Decree, this Consent Decree sets forth all of the obligations of the Parties and represents the complete and exclusive statement of the Parties with respect to the terms of the settled agreement embodied by this Consent Decree; any other representations, communications, or agreements by or between the Parties with respect to the terms of this Consent Decree shall have no force and effect.

## XV. MODIFICATION

33. The terms of this Consent Decree may be modified only by a subsequent written agreement signed by the Parties. Where the modification constitutes a material change to any term of this Consent Decree, it shall be effective only by written approval of the Parties and the approval of the Court. The Commonwealth's decision to extend a deadline in this Consent Decree shall not constitute a material change for purposes of this Paragraph.

## XVI. AUTHORITY OF SIGNATORY

34. The person signing this Consent Decree on behalf of WSI acknowledges: (a) that they have personally read and understand each of the numbered Paragraphs of this Consent Decree, including any Appendices attached to it; (b) that they are authorized to sign and bind WSI to the terms of this Consent Decree, and (c) that, to the extent necessary, WSI's managers, directors, officers, and shareholders have consented to WSI entering this Consent Decree and to its entry as a Final Judgment.

## XVII. TERM AND RETENTION OF JURISDICTION

35. The Court shall retain jurisdiction over this case for purposes of resolving disputes that arise under this Consent Decree, entering orders modifying this Consent Decree, or effectuating or enforcing compliance with the terms of this Consent Decree.

## XVIII. FINAL JUDGMENT

36. Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a Final Judgment of the Court.

OFFICE OF THE ATTORNEY GENERAL
ANDREA JOY CAMPBELL, ATTORNEY GENERAL

By: ____________________ Date: 01/09/2025

Helen Yurchenco
Assistant Attorney General
Environmental Protection Division
Office of the Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
617-963-2507
helen.yurchenco@mass.gov

WILLIAMS SCOTSMAN, INC.

By: Samantha Bishop Date: 01-02-25

Samantha Bishop
Vice President, Legal & Compliance

IT IS SO ORDERED. JUDGMENT is hereby entered in accordance with the foregoing.

By the Court:

____________________

United States District Court

Dated: 3/12/25